**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| Elizabeth Padilla, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 7:24-cv-77 |
| | § | |
| TEXAS COMMISSION ON ENVIRONMENTAL QUALITY, | § | |
| | § | |
| *Defendant.* | § | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 6972(a)(1)(B)**

Plaintiff Elizabeth Padilla, through the undersigned counsel, for its complaint against the Texas Commission on Environmental Quality ("TCEQ" or "Defendant"), alleges as follows:

## I. INTRODUCTION

1. This is a civil action for declaratory and injunctive relief, costs, and fees, under the citizen suit provision of the Solid Waste Solid Waste Disposal Act, amended as the Resource Conservation and Recovery Act, 42 U.S.C. § 6901, *et seq.* ("RCRA"), specifically section 7002(a)(1)(B) of RCRA, 42 U.S.C. § 6972(a)(1)(B). This action is brought to remedy significant and ongoing violations of RCRA, Section 7002(a)(1)(B), due to Defendant's unauthorized exercise of regulatory authority over disposal of oil and gas "NORM" waste, which is naturally occurring radioactive material contained in oil and gas waste.

2. As detailed below, Defendant has, and continues to, exercise regulatory authority that it does not possess over oil and gas NORM waste. Under Texas Health and Safety Code § 401.415(a), the Railroad Commission of Texas ("RRC") "has the **sole** authority to regulate and issues licenses, permits, and orders for the disposal of oil and gas NORM

waste…." Tex. Health & Safety Code § 401.415(a) (emphasis added). Notwithstanding this clear grant of exclusive authority to the RRC, on March 15, 2022, Defendant granted an amendment to License No. RO4100 allowing for the disposal of oil and gas NORM waste at a facility located in Andrews County, Texas. Defendant's unauthorized issuance of that license amendment presents an imminent and substantial endangerment to health and the environment in violation of RCRA Section 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B).

3. Plaintiff requests declaratory judgment establishing that (1) TCEQ lacks authority to regulate oil and gas NORM waste, and (2) that the March 15, 2022 amendment TCEQ granted to License No. RO4100, allowing for the disposal of oil and gas NORM waste, is invalid due to TCEQ's lack of regulatory authority over oil and gas NORM waste. Plaintiff additionally requests that this Court issue an order enjoining Defendant from issuing new licenses or license amendments allowing for disposal of oil and gas NORM waste.

4. Additionally, Plaintiff requests that the Court award Plaintiff reasonable attorneys' fees, expert witness fees, and costs incurred in bringing this action, and any further relief the Court deems appropriate.

## II. JURISDICTION

5. This Court has jurisdiction over the claims set forth in this Complaint under Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), under 28 U.S.C. § 1331, the federal question statute, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

6. This Court has jurisdiction over the Defendant because it is Texas agency within the jurisdiction of this Court and has caused and contributed to, and continues to cause and contribute to, the contamination and damages suffered by Plaintiff.

7. Section 7002(a)(1)(B) of RCRA, 42 U.S.C. § 6972(a)(1)(B), allows citizens to bring suit in order to stop an "imminent and substantial endangerment to health or the environment." It provides that any person may commence an action against "any person [. . .] including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment[.]"

8. On December 5, 2023 Plaintiff gave notice of the violations of RCRA and her intent to file suit to the Defendant TCEQ, the United States Environmental Protection Agency ("EPA"), and EPA Region 6, as required by Section 7002(a) of RCRA, 42 U.S.C. § 6972(a). Plaintiff's notice letter is attached as **Exhibit A** and is incorporated by reference herein.

9. More than ninety days have passed since Plaintiff provided its notice to Defendant of intent to file suit.

10. The endangerment complained of in the notice exists and is continuing at this time because Defendant has failed to refrain from issuance of license amendments allowing for disposal of oil and gas NORM waste.

11. Neither the EPA nor the State of Texas have commenced, or are diligently prosecuting, a civil or criminal action in a state or federal court to abate the imminent and substantial endangerment to health and the environment alleged in Plaintiff's notice of intent letter. Nor is the EPA, under the Comprehensive Environmental Response, Compensation and Liability Act, engaged in any of the actions described in 42 U.S.C. 6972(b)(2)(B) with respect to the conditions described herein.

## III. VENUE

12. Venue is properly vested in this Court under Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), because the Defendant is an agency of the State of Texas that conducts activities within this district, and the activities complained of occurred, and the hazardous substances exist within this district.

## IV. FACTUAL BACKGROUND

13. This complaint arises from Defendant TCEQ's unauthorized issuance of an amendment to License No. RO4100, which purports to allow the license holder, Waste Control Specialists, LLC, to dispose of oil and gas NORM waste[1] at a TCEQ-permitted facility in Andrews County, Texas. The background section below therefore first discusses the statutory and regulatory framework for regulation of oil and gas NORM waste in Texas. It then discusses TCEQ's actions in violation of that framework.

### A. Statutory and Regulatory Framework for Oil and Gas NORM Waste

14. Texas Health & Safety Code § 401.415 expressly provides that the RRC has **sole** authority to regulate and issue licenses, permits, and orders for the disposal of oil and gas NORM waste. Tex. Health & Safety Code § 401.415(a). The statute states that "[n]otwithstanding any other provision of this chapter, the Railroad Commission of Texas: (1) has sole authority to regulate and issue licenses, permits, and orders for the disposal of oil and gas NORM waste…."

[1] Tex. Health & Safety Code § 401.003(27) defines "Oil and gas NORM waste" as "solid, liquid, or gaseous material or combination of materials, excluding source material, special nuclear material, and by-product material, that: (A) in its natural physical state spontaneously emits radiation; (B) is discarded or unwanted; (C) is not exempt by department rule adopted under Section 401.106; and (D) constitutes, is contained in, or has contaminated oil and gas waste as that term is defined in Section 91.1011 of the Natural Resources Code.

15. In addition, the statute provides the RRC the authority to adopt rules reasonably necessary to exercise its authority." Tex. Health & Safety Code s§ 401.415(b). The statute further provides:

> To ensure that the State of Texas retains its Agreement Status with the federal commission, and to ensure that radioactive materials are managed consistently to protect the public health and safety and the environment, the [RRC] shall issue rules on the management of oil and gas NORM waste . . . The rules of the [RRC] shall provide protection for public health, safety, and the environment equivalent to the protection provided by rules applicable to disposal of other NORM wastes having similar properties, quantities, and distribution, although the approved methods and sites for disposing of oil and gas NORM wastes may be different from those approved for other NORM wastes.

Tex. Health & Safety Code Ann. § 401.415(e) (emphasis added).

16. Consistent with its authority under this statute, the RRC has issued rules for the management and disposal of oil and gas NORM waste. *See* 16 Tex. Admin. Code §§ 4.601-4.635. Those rules provide that disposal of oil and gas NORM waste may only be conducted pursuant to the rules issued by the RRC. Under 16 Tex. Admin. Code § 4.611, "[n]o person may dispose of oil and gas NORM waste except as provided in this subchapter." 16 Tex. Admin. Code § 4.611 (referring to Subchapter F of 16 Tex. Admin. Code Part 1, Chapter 4). And under 16 Tex. Admin. Code § 4.620, "[e]xcept in the case of onsite disposal..., no person may dispose of oil and gas NORM waste by burying it or by applying it to and mixing it with the land surface without first obtaining a permit under § 3.8 of this title (relating to Water Protection)." 16 Tex. Admin Code § 4.620.

17. Despite the foregoing statutory and regulatory provisions, which vest sole regulatory authority over oil and gas NORM wastes in the RRC, Defendant TCEQ has asserted that it has authority to permit the disposal of oil and gas NORM waste in a TCEQ-permitted landfill, independent of any requirement that the party obtain separate RRC authorization for that disposal.

And, pursuant to this assertion of authority, TCEQ has in fact issued a license amendment allowing for the disposal of oil and gas NORM waste, as discussed below in Section IV.B.

18. TCEQ's basis for its assertion of authority over oil and gas NORM waste is a memorandum of understanding between TCEQ and the RRC ("MOU") found at 16 Tex. Admin. Code § 3.30. In particular, TCEQ has relied on § 3.30(e)(3)(B) of the MOU, which states that "[a] facility under the jurisdiction of the TCEQ may accept, without further individual concurrence, waste under the jurisdiction of the RRC if that facility is permitted or otherwise authorized to accept that particular type of waste." TCEQ emphasizes the language in this provision that states that TCEQ may accept waste under the jurisdiction of the RRC "without further individual concurrence."

19. In addition to ignoring the underlying statutory and regulatory framework discussed above, TCEQ's reliance on the MOU is also misplaced. The MOU can only grant or clarify such authority as is granted to the respective agencies by statute. And, as discussed above, Texas Health & Safety Code § 401.415 is clear in granting the RRC the authority to regulate oil and gas NORM waste. Just as clearly, the Texas legislature has not conferred such authority on TCEQ.

20. Critically, TCEQ's claimed authority over oil and gas NORM waste also ignores the plain language of the MOU itself, which explicitly confirms the RRC's exclusive authority to manage oil and gas NORM waste. Section 3.30(f)(2) of the MOU provides:

> (A) Under Texas Health and Safety Code, §401.415, the RRC has jurisdiction over the disposal of NORM waste that constitutes, is contained in, or has contaminated oil and gas waste. This waste material is called "oil and gas NORM waste." Oil and gas NORM waste may be generated in connection with the exploration, development, or production of oil or gas.
>
> (B) Under Texas Health and Safety Code, §401.412, the TCEQ has jurisdiction over the disposal of NORM that is not oil and gas NORM waste.

16 Tex. Admin. Code § 3.30(f)(2). Similarly, the MOU provides that "the RRC has jurisdiction

over the disposal of oil and gas naturally occurring radioactive material (NORM) waste that constitutes, is contained in, or has contaminated oil and gas waste." 16 Tex. Admin. Code § 3.30(b)(2)(A). And it likewise provides that TCEQ has jurisdiction to regulate and license "the processing or storage of low-level radioactive waste or NORM waste from other persons, except oil and gas NORM waste." 16 Tex. Admin. Code § 3.30(f)(1)(B) (emphasis added).

21. Finally, TCEQ recognizes the RRC's authority over oil and gas NORM waste in its policy guidance. For example, TCEQ Regulatory Guidance RG-003, relating to the "Disposal of Special Wastes Associated with the Development of Oil, Gas, and Geothermal Resources," identifies numerous categories of oil and gas waste for which RRC authority is required for disposal in a TCEQ landfill. TCEQ Regulatory Guidance RG-003, September 2006, "Disposal of Special Wastes Associated with the Development of Oil, Gas, and Geothermal Resources.

22. In summary, the MOU language TCEQ relies on for its purported authority to regulate oil and gas NORM waste[2] cannot be read to include oil and gas NORM waste because it directly conflicts with the statute granting authority to regulate oil and gas NORM waste to the RRC. TCEQ's reading of the MOU also conflicts with the RRC regulatory program for oil and gas NORM waste developed pursuant to the statutory authority granted to it. And, critically, it also conflicts with the agreement between TCEQ and the RRC set out in the MOU itself, which expressly states that the RRC, and not TCEQ, has authority over oil and gas NORM waste.

---

[2] "A facility under the jurisdiction of the TCEQ may accept, without further individual concurrence, waste under the jurisdiction of the RRC . . ."

### B. Defendant's Unauthorized Issuance of a License Amendment for the Disposal of Oil and Gas NORM Waste

23. On August 4, 2004, non-party Waste Control Specialists, LLC ("Waste Control") applied to TCEQ for a license to dispose of radioactive waste at a facility in Andrews County, Texas. TCEQ subsequently granted that license, which was issued as License No. RO4100.

24. On March 15, 2022, Waste Control applied to TCEQ for an amendment to License No. RO4100 that would allow it to dispose of oil and gas NORM Waste. TCEQ's Executive Director took action on this application on February 2, 2023, and TCEQ granted Waste Control's application for this amendment.

25. As laid out above, TCEQ is not the agency authorized under the Texas Health and Safety code to regulate oil and gas NORM waste, and the agency was therefore neither authorized nor qualified to issue a license amendment that allows for disposal of oil and gas NORM waste.

## V. CLAIM FOR RELIEF

### RCRA – Imminent and Substantial Endangerment

26. Plaintiff incorporates by reference the allegations of the preceding paragraphs of this Complaint.

27. Pursuant to RCRA Section 7002(a)(1)(B), having given the required notice, citizens may commence a citizen suit against "any person," "who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment." RCRA § 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B).

28. Under 42 U.S.C. § 6903(15), Defendant is a "person" subject to the citizen suit provision RCRA, 42 U.S.C. § 6972.

29. Oil and gas NORM waste is "solid waste" under RCRA Section 1004, 42 U.S.C. § 6903(27), because it is "discarded material, including solid, liquid, semisolid, or contained gaseous material resulting from industrial, commercial, mining, and agricultural operations."

30. As set forth above, Defendant has engaged in the unauthorized regulation of oil and gas NORM waste. Defendant has thus contributed and is contributing to the past and present handling, storage, treatment, transportation, or disposal of solid waste under RCRA.

31. Defendant's conduct thus presents an imminent and substantial endangerment to public health and the environment as those terms are used in Section 7002(a)(1)(B) of RCRA, 42 U.S.C. § 6972(a)(1)(B).

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

1. Declaring that (1) Defendant's past and/or present regulation of oil and gas NORM waste presents, or may present, an imminent and substantial endangerment to public health and/or the environment in violation of RCRA, (2) Defendant lacks authority to regulate oil and gas NORM waste, and (3) that the March 15, 2022 amendment Defendant granted to License No. RO4100, allowing for the disposal of oil and gas NORM waste, is invalid due to Defendant's lack of regulatory authority over oil and gas NORM waste;

2. Issuing temporary and/or permanent injunctive relief prohibiting the Defendant from further exercise of regulatory authority over oil and gas NORM waste, including issuance of further licenses or license amendments allowing for the disposal of oil and gas NORM waste in TCEQ permitted facilities;

3. Ordering the Defendant to pay Plaintiff's reasonable attorneys' fees, expert witness fees, and costs incurred in prosecuting this action pursuant to 42, U.S.C. § 6972(e).

4. Ordering such other relief as the Court may deem just and proper.

DATED: March 13, 2024

**Respectfully submitted,**

**LYNCH, CHAPPELL & ALSUP**
**A Professional Corporation**
**Reliance Building, Suite 700**
**300 North Marienfeld**
**Midland, Texas 79701**
**Telephone: 432/683-3351**
**Telecopier: 432/683-2587**

**By:** ______________________________
**Harper Estes**
**hestes@lcalawfirm.com**
**State Bar No. 00000083**
**Lisa K. Hooper**
**lhooper@lcalawfirm.com**
**State Bar No. 24047282**

# EXHIBIT A

LC&A

LYNCH, CHAPPELL & ALSUP
A Professional Corporation

Harper Estes
Board Certified in Civil Trial Law by the
Texas Board of Legal Specialization

e-mail: hestes@lcalawfirm.com
Direct Dial: (432) 688-1378

December 5, 2023

Via Certified Mail, Return Receipt Requested

Ms. Kelly Keel, Interim Executive Director
Texas Commission on Environmental Quality
P.O. Box 13087
Austin, Texas 78711-3987
CM RRR # 9489009000276433104403

Mr. Michael Regan, Administrator
U.S. Environmental Protection Agency
Office of the Administrator, 1101A
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460
CM RRR # 9489009000276433104410

Dr. Earthea Nance, PhD, PE
Regional Administrator
Environmental Protection Agency Region 6
1201 Elm Street, Ste. 500
Dallas, Texas 75270
CM RRR # 9489009000276433104427

Hon. Merrick Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
CM RRR # 9489009000276433104434

**Re: 90-Day Notice of Intent to Sue under the Resource Conservation and Recovery Act**

Dear Interim Executive Director Keel,

Pursuant to the citizen suit provisions of the 1976 Amendments to the Solid Waste Disposal Act (hereinafter the "Resource Conservation and Recovery Act" or "RCRA"), 42 U.S.C. § 6972(a)(1)(B), Elizabeth Padilla hereby notifies you that on or after the 90th day from the date of your receipt of this notice of intent, Ms. Padilla intends to initiate a citizen suit in the United States District Court for the Western District of Texas against the Texas Commission on Environmental Quality ("TCEQ") regarding the allegations set forth in the draft complaint attached hereto as **Exhibit A** and incorporated into this notice of intent for all purposes (the "Complaint").

Ms. Padilla provides the following information pursuant to 40 C.F.R. § 254.3 ("Contents of Notice"):

**Allegations:**

As set forth in the Complaint, Ms. Padilla alleges the TCEQ has exercised, and continues to exercise, regulatory authority over the disposal of oil and gas Naturally Occurring Radioactive

Material (NORM) waste in violation of Texas Health and Safety Code § 401.415(a), which grants exclusive authority to the Railroad Commission of Texas (RRC) for such regulation. In violation of that exclusive authority issued to the RRC, TCEQ granted an amendment to License No. R04100 on March 15, 2022, allowing for the disposal of oil and gas NORM waste, posing an imminent and substantial endangerment to health and the environment.

**Person Giving Notice:**

Elizabeth Padilla
2125 SE 3101
Andrews, Tx. 79714

**Identification of Counsel:**

Harper Estes
LYNCH, CHAPPELL & ALSUP PC
300 N. Marienfeld, Suite 700, Midland, Texas 79701
432.683.3351 (phone)
432.683.2587 (fax)
hestes@lcalawfirm.com

Ms. Padilla intends to file suit pursuant to the Complaint 90 days after your receipt of this notice of intent. While Ms. Padilla intends to pursue all available remedies in court, she looks forward to discussing the subject of this notice of intent with the TCEQ to the extent such discussions would be productive to resolving Ms. Padilla's concerns as set out in the Complaint.

Respectfully submitted,

LYNCH, CHAPPELL & ALSUP
A Professional Corporation
Reliance Building, Suite 700
300 North Marienfeld
Midland, Texas 79701
Telephone: 432/683-3351
Telecopier: 432/683-2587

By: */s/ Harper Estes*
Harper Estes
hestes@lcalawfirm.com
State Bar No. 00000083
Lisa K. Hooper
lhooper@lcalawfirm.com
State Bar No. 24047282

cc: Client

Attachments: Exhibit A (Complaint)

**Padilla 90-Day Notice of Intent to Sue**

**<u>EXHIBIT A</u>**

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| Elizabeth Padilla, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. ________________ |
| | § | |
| TEXAS COMMISSION ON ENVIRONMENTAL QUALITY, | § | |
| | § | |
| *Defendant*. | § | |

**COMPLAINT FOR DECLARATORY AND INJUCTIVE RELIEF**
**UNDER 42 U.S.C. § 6972(a)(1)(B)**

Plaintiff Elizabeth Padilla, through the undersigned counsel, for its complaint against the Texas Commission on Environmental Quality ("TCEQ" or "Defendant"), alleges as follows:

## I. INTRODUCTION

1. This is a civil action for declaratory and injunctive relief, costs, and fees, under the citizen suit provision of the Solid Waste Solid Waste Disposal Act, amended as the Resource Conservation and Recovery Act, 42 U.S.C. § 6901, *et seq.* ("RCRA"), specifically section 7002(a)(1)(B) of RCRA, 42 U.S.C. § 6972(a)(1)(B). This action is brought to remedy significant and ongoing violations of RCRA, Section 7002(a)(1)(B), due to Defendant's unauthorized exercise of regulatory authority over disposal of oil and gas "NORM" waste, which is naturally occurring radioactive material contained in oil and gas waste.

2. As detailed below, Defendant has, and continues to, exercise regulatory authority that it does not possess over oil and gas NORM waste. Under Texas Health and Safety Code § 401.415(a), the Railroad Commission of Texas ("RRC") "has the **sole** authority to regulate and issues licenses, permits, and orders for the disposal of oil and gas NORM

waste…." Tex. Health & Safety Code § 401.415(a) (emphasis added). Notwithstanding this clear grant of exclusive authority to the RRC, on March 15, 2022, Defendant granted an amendment to License No. R04100 allowing for the disposal of oil and gas NORM waste at a facility located in Andrews County, Texas. Defendant's unauthorized issuance of that license amendment presents an imminent and substantial endangerment to health and the environment in violation of RCRA Section 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B).

3. Plaintiff requests declaratory judgment establishing that (1) TCEQ lacks authority to regulate oil and gas NORM waste, and (2) that the March 15, 2022 amendment TCEQ granted to License No. R04100, allowing for the disposal of oil and gas NORM waste, is invalid due to TCEQ's lack of regulatory authority over oil and gas NORM waste. Plaintiff additionally requests that this Court issue an order enjoining Defendant from issuing new licenses or license amendments allowing for disposal of oil and gas NORM waste.

4. Additionally, Plaintiff requests that the Court award Plaintiff reasonable attorneys' fees, expert witness fees, and costs incurred in bringing this action, and any further relief the Court deems appropriate.

## II. JURISDICTION

5. This Court has jurisdiction over the claims set forth in this Complaint under Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), under 28 U.S.C. § 1331, the federal question statute, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

6. This Court has jurisdiction over the Defendant because it is Texas agency within the jurisdiction of this Court and has caused and contributed to, and continues to cause and contribute to, the contamination and damages suffered by Plaintiff.

7. Section 7002(a)(1)(B) of RCRA, 42 U.S.C. § 6972(a)(1)(B), allows citizens to bring suit in order to stop an "imminent and substantial endangerment to health or the environment." It provides that any person may commence an action against "any person [. . .] including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment[.]"

8. On [ ], Plaintiff gave notice of the violations of RCRA and her intent to file suit to the Defendant TCEQ, the United States Environmental Protection Agency ("EPA"), and EPA Region 6, as required by Section 7002(a) of RCRA, 42 U.S.C. § 6972(a). Plaintiff's notice letter is attached as **Exhibit A** and is incorporated by reference herein.

9. More than ninety days have passed since Plaintiff provided its notice to Defendant of intent to file suit.

10. The endangerment complained of in the notice exists and is continuing at this time because Defendant has failed to refrain from issuance of license amendments allowing for disposal of oil and gas NORM waste.

11. Neither the EPA nor the State of Texas have commenced, or are diligently prosecuting, a civil or criminal action in a state or federal court to abate the imminent and substantial endangerment to health and the environment alleged in Plaintiff's notice of intent letter. Nor is the EPA, under the Comprehensive Environmental Response, Compensation and Liability Act, engaged in any of the actions described in 42 U.S.C. 6972(b)(2)(B) with respect to the conditions described herein.

## III. VENUE

12. Venue is properly vested in this Court under Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), because the Defendant is an agency of the State of Texas that conducts activities within this district, and the activities complained of occurred, and the hazardous substances exist within this district.

## IV. FACTUAL BACKGROUND

13. This complaint arises from Defendant TCEQ's unauthorized issuance of an amendment to License No. R04100, which purports to allow the license holder, Waste Control Specialists, LLC, to dispose of oil and gas NORM waste[1] at a TCEQ-permitted facility in Andrews County, Texas. The background section below therefore first discusses the statutory and regulatory framework for regulation of oil and gas NORM waste in Texas. It then discusses TCEQ's actions in violation of that framework.

### A. Statutory and Regulatory Framework for Oil and Gas NORM Waste

14. Texas Health & Safety Code § 401.415 expressly provides that the RRC has sole authority to regulate and issue licenses, permits, and orders for the disposal of oil and gas NORM waste. Tex. Health & Safety Code § 401.415(a). The statute states that "[n]otwithstanding any other provision of this chapter, the Railroad Commission of Texas: (1) has sole authority to regulate and issue licenses, permits, and orders for the disposal of oil and gas NORM waste…."

[1] Tex. Health & Safety Code § 401.003(27) defines "Oil and gas NORM waste" as "solid, liquid, or gaseous material or combination of materials, excluding source material, special nuclear material, and by-product material, that: (A) in its natural physical state spontaneously emits radiation; (B) is discarded or unwanted; (C) is not exempt by department rule adopted under Section 401.106; and (D) constitutes, is contained in, or has contaminated oil and gas waste as that term is defined in Section 91.1011 of the Natural Resources Code.

15. In addition, the statute provides the RRC the authority to adopt rules reasonably necessary to exercise its authority." Tex. Health & Safety Code s§ 401.415(b). The statute further provides:

> To ensure that the State of Texas retains its Agreement Status with the federal commission, and to ensure that radioactive materials are managed consistently to protect the public health and safety and the environment, the [RRC] shall issue rules on the management of oil and gas NORM waste . . . The rules of the [RRC] shall provide protection for public health, safety, and the environment equivalent to the protection provided by rules applicable to disposal of other NORM wastes having similar properties, quantities, and distribution, although the approved methods and sites for disposing of oil and gas NORM wastes may be different from those approved for other NORM wastes.

Tex. Health & Safety Code Ann. § 401.415(e) (emphasis added).

16. Consistent with its authority under this statute, the RRC has issued rules for the management and disposal of oil and gas NORM waste. *See* 16 Tex. Admin. Code §§ 4.601-4.635. Those rules provide that disposal of oil and gas NORM waste may only be conducted pursuant to the rules issued by the RRC. Under 16 Tex. Admin. Code § 4.611, "[n]o person may dispose of oil and gas NORM waste except as provided in this subchapter." 16 Tex. Admin. Code § 4.611 (referring to Subchapter F of 16 Tex. Admin. Code Part 1, Chapter 4). And under 16 Tex. Admin. Code § 4.620, "[e]xcept in the case of onsite disposal..., no person may dispose of oil and gas NORM waste by burying it or by applying it to and mixing it with the land surface without first obtaining a permit under § 3.8 of this title (relating to Water Protection)." 16 Tex. Admin Code § 4.620.

17. Despite the foregoing statutory and regulatory provisions, which vest sole regulatory authority over oil and gas NORM wastes in the RRC, Defendant TCEQ has asserted that it has authority to permit the disposal of oil and gas NORM waste in a TCEQ-permitted landfill, independent of any requirement that the party obtain separate RRC authorization for that disposal.

And, pursuant to this assertion of authority, TCEQ has in fact issued a license amendment allowing for the disposal of oil and gas NORM waste, as discussed below in Section IV.B.

18. TCEQ's basis for its assertion of authority over oil and gas NORM waste is a memorandum of understanding between TCEQ and the RRC ("MOU") found at 16 Tex. Admin. Code § 3.30. In particular, TCEQ has relied on § 3.30(e)(3)(B) of the MOU, which states that "[a] facility under the jurisdiction of the TCEQ may accept, without further individual concurrence, waste under the jurisdiction of the RRC if that facility is permitted or otherwise authorized to accept that particular type of waste." TCEQ emphasizes the language in this provision that states that TCEQ may accept waste under the jurisdiction of the RRC "without further individual concurrence."

19. In addition to ignoring the underlying statutory and regulatory framework discussed above, TCEQ's reliance on the MOU is also misplaced. The MOU can only grant or clarify such authority as is granted to the respective agencies by statute. And, as discussed above, Texas Health & Safety Code § 401.415 is clear in granting the RRC the authority to regulate oil and gas NORM waste. Just as clearly, the Texas legislature has not conferred such authority on TCEQ.

20. Critically, TCEQ's claimed authority over oil and gas NORM waste also ignores the plain language of the MOU itself, which explicitly confirms the RRC's exclusive authority to manage oil and gas NORM waste. Section 3.30(f)(2) of the MOU provides:

> (A) Under Texas Health and Safety Code, §401.415, the RRC has jurisdiction over the disposal of NORM waste that constitutes, is contained in, or has contaminated oil and gas waste. This waste material is called "oil and gas NORM waste." Oil and gas NORM waste may be generated in connection with the exploration, development, or production of oil or gas.
>
> (B) Under Texas Health and Safety Code, §401.412, the TCEQ has jurisdiction over the disposal of NORM that is not oil and gas NORM waste.

16 Tex. Admin. Code § 3.30(f)(2). Similarly, the MOU provides that "the RRC has jurisdiction

over the disposal of oil and gas naturally occurring radioactive material (NORM) waste that constitutes, is contained in, or has contaminated oil and gas waste." 16 Tex. Admin. Code § 3.30(b)(2)(A). And it likewise provides that TCEQ has jurisdiction to regulate and license "the processing or storage of low-level radioactive waste or NORM waste from other persons, except oil and gas NORM waste." 16 Tex. Admin. Code § 3.30(f)(1)(B) (emphasis added).

21. Finally, TCEQ recognizes the RRC's authority over oil and gas NORM waste in its policy guidance. For example, TCEQ Regulatory Guidance RG-003, relating to the "Disposal of Special Wastes Associated with the Development of Oil, Gas, and Geothermal Resources," identifies numerous categories of oil and gas waste for which RRC authority is required for disposal in a TCEQ landfill. TCEQ Regulatory Guidance RG-003, September 2006, "Disposal of Special Wastes Associated with the Development of Oil, Gas, and Geothermal Resources.

22. In summary, the MOU language TCEQ relies on for its purported authority to regulate oil and gas NORM waste[2] cannot be read to include oil and gas NORM waste because it directly conflicts with the statute granting authority to regulate oil and gas NORM waste to the RRC. TCEQ's reading of the MOU also conflicts with the RRC regulatory program for oil and gas NORM waste developed pursuant to the statutory authority granted to it. And, critically, it also conflicts with the agreement between TCEQ and the RRC set out in the MOU itself, which expressly states that the RRC, and not TCEQ, has authority over oil and gas NORM waste.

---

[2] "A facility under the jurisdiction of the TCEQ may accept, without further individual concurrence, waste under the jurisdiction of the RRC . . ."

**B. Defendant's Unauthorized Issuance of a License Amendment for the Disposal of Oil and Gas NORM Waste**

23. On August 4, 2004, non-party Waste Control Specialists, LLC ("Waste Control") applied to TCEQ for a license to dispose of radioactive waste at a facility in Andrews County, Texas. TCEQ subsequently granted that license, which was issued as License No. R04100.

24. On March 15, 2022, Waste Control applied to TCEQ for an amendment to License No. R04100 that would allow it to dispose of oil and gas NORM Waste. TCEQ's Executive Director took action on this application on February 2, 2023, and TCEQ granted Waste Control's application for this amendment.

25. As laid out above, TCEQ is not the agency authorized under the Texas Health and Safety code to regulate oil and gas NORM waste, and the agency was therefore neither authorized nor qualified to issue a license amendment that allows for disposal of oil and gas NORM waste.

## V. CLAIM FOR RELIEF

**RCRA – Imminent and Substantial Endangerment**

26. Plaintiff incorporates by reference the allegations of the preceding paragraphs of this Complaint.

27. Pursuant to RCRA Section 7002(a)(1)(B), having given the required notice, citizens may commence a citizen suit against "any person," "who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment." RCRA § 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B).

28. Under 42 U.S.C. § 6903(15), Defendant is a "person" subject to the citizen suit provision RCRA, 42 U.S.C. § 6972.

29. Oil and gas NORM waste is "solid waste" under RCRA Section 1004, 42 U.S.C. § 6903(27), because it is "discarded material, including solid, liquid, semisolid, or contained gaseous material resulting from industrial, commercial, mining, and agricultural operations."

30. As set forth above, Defendant has engaged in the unauthorized regulation of oil and gas NORM waste. Defendant has thus contributed and is contributing to the past and present handling, storage, treatment, transportation, or disposal of solid waste under RCRA.

31. Defendant's conduct thus presents an imminent and substantial endangerment to public health and the environment as those terms are used in Section 7002(a)(1)(B) of RCRA, 42 U.S.C. § 6972(a)(1)(B).

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

1. Declaring that (1) Defendant's past and/or present regulation of oil and gas NORM waste presents, or may present, an imminent and substantial endangerment to public health and/or the environment in violation of RCRA, (2) Defendant lacks authority to regulate oil and gas NORM waste, and (3) that the March 15, 2022 amendment Defendant granted to License No. R04100, allowing for the disposal of oil and gas NORM waste, is invalid due to Defendant's lack of regulatory authority over oil and gas NORM waste;

2. Issuing temporary and/or permanent injunctive relief prohibiting the Defendant from further exercise of regulatory authority over oil and gas NORM waste, including issuance of further licenses or license amendments allowing for the disposal of oil and gas NORM waste in TCEQ permitted facilities;

3. Ordering the Defendant to pay Plaintiff's reasonable attorneys' fees, expert witness fees, and costs incurred in prosecuting this action pursuant to 42, U.S.C. § 6972(e).

4. Ordering such other relief as the Court may deem just and proper.

DATED: [ ]

**Respectfully submitted,**

**LYNCH, CHAPPELL & ALSUP**
**A Professional Corporation**
**Reliance Building, Suite 700**
**300 North Marienfeld**
**Midland, Texas 79701**
**Telephone: 432/683-3351**
**Telecopier: 432/683-2587**

**By:** ______________________________
**Harper Estes**
**hestes@lcalawfirm.com**
**State Bar No. 00000083**
**Lisa K. Hooper**
**lhooper@lcalawfirm.com**
**State Bar No. 24047282**